**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **H. EDWIN RODROCK,** | : | |
| | : | **Civil Action No. 1:08-cv-901** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **KAREN MOURY, WENDELL F.** | : | |
| **HOLLAND, JAMES H. CAWLEY,** | : | |
| **WILLIAM SHANE,** | : | |
| **KIM PIZZINGRILLI and** | : | |
| **TERRANCE J. FITZPATRICK,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed and ripe for disposition. For the reasons that follow, the motion will be granted.

**I.     BACKGROUND**

Plaintiff H. Edwin Rodrock was hired by the Pennsylvania Public Utility Commission ("PUC") in or around December 1974 as an accountant. In 2000, Plaintiff was appointed as acting Fixed Utility Financial Analyst Supervisor with the PUC, and this temporary appointment was made permanent in 2002.

In November 2005, the PUC solicited applications for the position of Fixed Utility Manager. Plaintiff applied for the position and, on May 9, 2006, Plaintiff learned that the PUC had rejected his application in favor of another applicant. Plaintiff was 59 years old at this time and the selected applicant was 51 years old. Plaintiff avers that he was more qualified than the selected applicant and that Defendants' decision to hire the younger applicant violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"). Plaintiff also claims

that the Defendants' actions violated 42 U.S.C. § 1983.

On May 7, 2008, Plaintiff filed a complaint setting forth the foregoing allegations.  On July 26, 2008, Defendants moved to dismiss the complaint, arguing that Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed because the ADEA provides an exclusive remedy for age discrimination in employment and (2) that Plaintiff's ADEA claim should be dismissed because Plaintiff has brought claims against the Defendants in their individual capacities and the ADEA does not provide for individual liability.  Plaintiff filed a brief in opposition to the motion on July 14, 2008.  Defendants filed their reply on July 30, 2008.

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme Court has recently held that while this standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level'" in order to

survive a 12(b)(6) motion to dismiss.  Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d

Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544127 S.Ct. 1955 (2007)).

## III.   DISCUSSION

### A.   Plaintiff's Claims for Age Discrimination Under Section 1983 Must Be Dismissed Because They Are Preempted By the ADEA.

Defendants contend that Plaintiff's claims under § 1983 must be dismissed because they

are preempted by the comprehensive administrative remedies for age discrimination provided for

under the ADEA.  Plaintiff disputes the Defendants' argument but offers no substantial legal

support for his position.

Although the United States Court of Appeals for the Third Circuit has not explicitly ruled

on this issue, several other courts within and without the Third Circuit have held that the

ADEA's comprehensive remedial scheme preempts other remedies for age discrimination.  See,

e.g., Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998); Lafleur v. Texas Dep't of Health,

126 F.3d 758, 760 (5th Cir. 1997); Zombro v. Baltimore City Police Dep't, 868 F.2d 1363, 1366-

67 (4th Cir. 1989); Watson v. Bd. of Directors of William Penn Sch. Dist., No. 05-5760, 2006

U.S. Dist. LEXIS 61795, *13 (E.D. Pa. Aug. 30, 2006); Farmer v. Camden City Bd. of Educ.,

No. 03-685, 2005 U.S. Dist. 7339, *24-26 (D.N.J. Mar. 28, 2005); Barlieb v. Kutztown Univ.,

No. 03-4126, 2003 U.S. Dist. LEXIS 25178, *11-14 (E.D. Pa. Dec. 1, 2003).  Furthermore, in

the context of federal employment, the Third Circuit has held that the ADEA preempts other

judicial remedies for claims of age discrimination based on the Constitution.  See Purtill v.

Harris, 658 F.2d 134, 137 (3d Cir. 1981).  Other courts have predicted that the Third Circuit

would extend its reasoning in Purtill beyond the context of federal employees.  See, e.g., Farmer,

No. 03-685, 2005 U.S. Dist. 7339, at *25-26.

Upon consideration, the Court finds the foregoing authorities to be persuasive and concludes that Plaintiff's claim for age discrimination brought pursuant to 42 U.S.C. § 1983 must be dismissed because it is preempted by the ADEA.[1]

**B.     Plaintiff's Claims Under the ADEA Must Be Dismissed Because the ADEA Does Not Provide for Individual Liability.**

Defendants also contend that Plaintiff's claims under the ADEA must be dismissed both because he has failed to exhaust his administrative remedies and also because he is precluded from asserting a claim against the individual defendants in their individual capacities.  Other than to assert that he was not required first to file a claim with the Equal Employment Opportunity Commission, Plaintiff ignores Defendants' substantive argument that the ADEA does not provide for individual liability.

The Third Circuit has clearly stated that "the ADEA does not provide for individual liability."  Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006).  Other cases from within the circuit have followed this holding from Hill and have, accordingly, dismissed as a matter of law ADEA claims brought against individual defendants.  See, e.g., Dezack v. Alliance Imaging, Inc., No. 06-1418, 2008 U.S. Dist. LEXIS 43795, *34 (W.D. Pa. June 3, 2008); Argue v. David Davis Enterprises, Inc., No. 02-9521, 2007 U.S. Dist. LEXIS 72612, *11-

---

[1]     Although the established rule in this circuit is that courts should sua sponte grant leave to amend a complaint alleging civil rights violations, see Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), the Court finds that granting leave to amend the Plaintiff's claim under § 1983 would be futile.  The cases discussed above demonstrate persuasively that the ADEA constitutes the exclusive means of redressing age discrimination claims.  Plaintiff has only averred, in general fashion, that he has brought the action to redress alleged age discrimination.  Even reading the complaint broadly, the Court does not perceive that Plaintiff has alleged any separate civil rights claims.  Accordingly, the Court concludes that it would be futile to grant Plaintiff leave to amend his § 1983 claim alleging age discrimination.

12 (E.D. Pa. Aug. 3, 2007); <u>Washington v. Volunteers of Am.</u>, No. 05-4186, 2007 U.S. Dist. LEXIS 56578, *10 (E.D. Pa. Mar. 5, 2007).

In this case, Plaintiff has asserted claims for money damages under the ADEA against the Defendants in their individual capacities.  As the foregoing cases amply demonstrate, the ADEA does not provide for individual liability.  Accordingly, Plaintiff's claims against the Defendants must be dismissed as a matter of law.

**V.    CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's complaint will be granted.  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **H. EDWIN RODROCK,** | : | |
| | : | **Civil Action No. 1:08-cv-901** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **KAREN MOURY, WENDELL F.** | : | |
| **HOLLAND, JAMES H. CAWLEY,** | : | |
| **WILLIAM SHANE,** | : | |
| **KIM PIZZINGRILLI and** | : | |
| **TERRANCE J. FITZPATRICK,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 5th day of March 2009, upon due consideration of Defendants' motion to dismiss Plaintiff's complaint (Doc. No. 4), and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED** and Plaintiff's claims against Defendants are therefore **DISMISSED**.  The Clerk of Court is directed to mark this case closed.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania